## A90A1935. TRUELOVE v. THE STATE.
(400 SE2d 396)

BANKE, Presiding Judge.

The appellant was convicted of armed robbery. He brings this appeal from the denial of his motion for new trial. *Held:*

1. The appellant contends that a pre-trial photographic lineup from which he was identified was impermissibly suggestive and that the court consequently erred both in admitting evidence concerning the photographic lineup and in permitting in-court identification testimony from witnesses who had viewed it. The display consisted of photographs of six white males ranging from 17 to 24 years of age. However, of these six individuals, the appellant was the only one photographed standing in front of a height chart. Two witnesses who viewed the display were able to positively identify the defendant both from the photo display and at trial, while two other witnesses selected someone else and could not identify the appellant at trial. The trial court was clearly authorized to conclude under these circumstances that the photographic lineup was not impermissibly suggestive. See generally *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972).

2. The defendant contends that the pre-trial identification procedures were also tainted by the illegal impoundment and inventory search of his vehicle, which led to the discovery of information which enabled the police to locate him. Clearly, this would have no bearing on the integrity of the pre-trial identification procedures. Furthermore, no such objection was made at trial, and it is axiomatic that " '[e]rrors not raised at trial will not be considered and ruled on by

this court on appeal.' [Cit.]" *Brinson v. State*, 191 Ga. App. 151, 152 (3) (381 SE2d 292) (1989).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED DECEMBER 5, 1990.

*Word & Flinn, Gerald P. Word*, for appellant.

*William G. Hamrick, Jr., District Attorney, Agnes McCabe, Assistant District Attorney*, for appellee.