A91A0701. KENNEDY v. THE STATE.
(406 SE2d 136)

BANKE, Presiding Judge.

The appellant was convicted of armed robbery and aggravated assault. He brings this appeal from the denial of his motion for new trial.

As the victim was walking down a street in Albany, Georgia, he heard the appellant, whom he knew, calling to him. He responded by walking over to the appellant, at which point the latter grabbed him by the arm and dragged him between two vacant houses while holding a pistol to his face and demanding his money. When he initially refused to comply, the appellant hit him in the face. The victim then relinquished his money ($63), whereupon the appellant hit him in the face with the butt of the pistol. The victim immediately reported the incident to a friend. He was then treated at a hospital, at which time the attack was reported to the police. The victim subsequently identified the appellant from a book of mug shots. A warrant was issued for the appellant's arrest; and when he was located and taken into custody at a local shopping center five days later, he was armed with a loaded .38-mm revolver and resisted arrest. *Held*:

1. The appellant contends that the trial court erred in admitting into evidence the weapon and ammunition found in his possession at the time of his arrest, as well as testimony of the arresting officers concerning the circumstances surrounding the arrest. This contention is without merit. " 'It is well settled that all of the circumstances connected with an accused's arrest, including any items taken from his person, are admissible as evidence at trial. . . . (Cits.)' [Cit.]" *Shaw v. State*, 179 Ga. App. 807, 809 (3) (348 SE2d 132) (1986). Furthermore, where " 'it appears without dispute that the crime was committed with a pistol, . . . it would make no material difference whether or not the pistol found (when appellant was arrested) was the particu-

lar gun with which the crime was committed. . . .' [Cit.]" *Holloway v. State*, 190 Ga. App. 528, 530 (3) (379 SE2d 542) (1989).

2. The appellant contends that the trial court erred in refusing to declare a mistrial based on the following comments made by the state's attorney during closing argument: "[The victim] identified [the appellant] as having taken his money at gun point and as having struck him in the face with the gun. Those are the facts. I told you in the beginning that I would prove these things to you. There has been no other evidence presented to you other than the evidence that the state has brought. They have not brought any evidence to rebut anything that the state has had —."

This enumeration of error is also without merit. "Though the prosecutor may not comment on a *defendant's* failure to testify, ' " "(i)t is not error, nor is it improper for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the state." [Cit.]' [Cit.]" *Smith v. State*, 245 Ga. 205, 207 (4) (264 SE2d 15) (1980). See also *Turner v. State*, 258 Ga. 97 (4) (365 SE2d 822) (1988); *Ranger v. State*, 249 Ga. 315 (290 SE2d 63) (1982).

3. The appellant contends that the armed robbery and aggravated assault convictions were based on the same evidence and that the trial court accordingly erred in entering two separate sentences. "Offenses merge as a matter of fact pursuant to OCGA § 16-1-6 (1) if one of them is established by proof of the same or less than all the facts required to prove the other." *Young v. State*, 177 Ga. App. 756, 757 (2) (341 SE2d 286) (1986). The jury was authorized to conclude from the evidence that following the commission of the armed robbery, the appellant had employed additional, gratuitous violence against the victim by striking him and lacerating his face with the butt of the pistol. The evidence, construed in the light most favorable to the verdict, was amply sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of both offenses. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED MAY 28, 1991.

*Langley & Lee, C. Richard Langley, Donald W. Lee*, for appellant.

*Britt R. Priddy, District Attorney, Henry O. Jones III, Gregory W. Edwards, Assistant District Attorneys*, for appellee.