## A91A2095. BONDS v. THE STATE.
(416 SE2d 329)

BIRDSONG, Presiding Judge.

Michael Bonds appeals from his conviction for the armed robbery of a liquor store. After his conviction, he was sentenced to life in prison as a recidivist.

The record shows that in April of 1989, a convenience store and, in June of 1989, a liquor store were held up. The two stores are in the same shopping location, have the same owner, and both times the same clerk was robbed. After the second robbery, a person who was outside the liquor store at the time of the crime told the police that Bonds was the perpetrator.

A consent search of the residence where Bonds was living turned up a pistol similar to the one used in the robberies. After learning of the search, Bonds turned himself in to the authorities and confessed to both crimes. With Bonds' assistance, the police located a money bag taken in the second robbery and upon a second search found the clothing he said he wore in the second robbery.

Tried for both robberies, Bonds was convicted of the second robbery, but acquitted of the first. Bonds alleges the trial court made certain erroneous evidentiary rulings, made charging errors, erred by denying his motion for a directed verdict of acquittal, and erred by holding he had received proper notice under the recidivist statute. Bonds also contends that he was denied the effective assistance of counsel. *Held*:

1. Bonds' first enumeration of error alleges the trial court erred by admitting evidence of his identification after what he contends was a photographic line-up that was so impermissibly suggestive there was a substantial likelihood that he was incorrectly identified as the perpetrator. See *Thomas v. State*, 176 Ga. App. 53, 57 (335 SE2d 135). Bonds' argument relies upon differences in the description of the robber given the police by the victim and alleged dissimilarities in the dress, skin color, and facial hair of the photographs. We find no error.

The test for determining whether a due process violation occurred in cases such as this "is whether the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *McCoy v. State*, 190 Ga. App. 258, 260 (378 SE2d 888). The considerations in evaluating the likelihood of misidentification include: (a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness' degree of attention, (c) the accuracy of the witness' prior description of the criminal, (d) the level of certainty demonstrated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401); *McCoy v. State*, supra. Considering these factors, we conclude that under the "totality of the circumstances," *Neil v. Biggers*, supra, the procedures used in this case were not so impermissibly suggestive as to cause a very substantial likelihood of irreparable misidentification. *Harper v. State*, 251 Ga. 183, 186 (304 SE2d 693). Moreover, the photographs used in the photographic line-up are in the record, and we are satisfied they do not suffer from the defects Bonds alleges. *Thomas*, supra at 57.

2. Bonds also alleges the trial court erred by admitting in evidence his confession to the commission of both robberies because his confession was coerced by the police and was thus not freely and voluntarily made and because he was under the influence of drugs at the time of his confession. "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. The question of whether or not a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous. The trial court's ruling was not clearly erroneous." (Citations and punctuation omitted.) *Brown v. State*, 259 Ga. 453, 454 (383 SE3d 882). See *Carter v. State*, 257 Ga. 510, 513 (361 SE2d 175); *Durden v. State*, 250 Ga. 325, 327 (297 SE2d 237); *Thaxton v. State*, 184 Ga. App. 779, 781 (362 SE2d 510).

3. Bonds contends the trial court erred by finding the notice of intent to use prior convictions in aggravation was sufficient to allow his sentencing under OCGA § 17-10-7 because the matters asserted

were merely served by the prosecutor and not returned in a separate count of the indictment. There was no error. *State v. Freeman*, 198 Ga. App. 553, 556 (402 SE2d 529); *Anderson v. State*, 176 Ga. App. 255, 256 (335 SE2d 487).

4. The fourth enumeration of error asserts the trial court erred by denying his motion for a directed verdict of acquittal because of a fatal variance in the allegata and probata: The indictment alleged one amount of money taken, but the proof showed another amount. Bonds' argument is without legal support. The crime of robbery, OCGA § 16-8-41, requires only that property, regardless of value, be taken from the person of another. Accordingly, a variance between the amount of money alleged in the indictment and the proof at trial cannot constitute a fatal variance. *Bell v. State*, 227 Ga. 800 (183 SE2d 357).

A motion for a directed verdict of acquittal should be granted when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311). Review of the evidence in this manner reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Bonds was guilty of the offense for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, the trial court did not err by denying appellant's motion.

5. Bonds' allegation that the trial court erred by charging that the State need not prove the specific amount alleged in the indictment, but need only prove that some amount of money was taken is but another variation of the error asserted in Division 4, and this enumeration is without merit for the same reasons.

6. Although the record and transcript show that Bonds did not request such a charge, he now alleges that the trial court erred by not charging on the lesser included offense of robbery by intimidation. In the absence of a proper request to charge, there is no requirement to charge on a lesser included offense. *Mosley v. State*, 257 Ga. 382, 383 (359 SE2d 653); *Daniel v. State*, 248 Ga. 271 (282 SE2d 314). Moreover, we are satisfied that this charge was not raised by the evidence.

7. Finally, Bonds alleges he was denied the effective assistance of counsel, and the record shows that this issue was properly preserved for appeal.

To support this allegation, Bonds must establish that his trial defense counsel's performance was deficient and that the deficient performance prejudiced his defense. *Brown v. State*, 257 Ga. 277, 278 (357 SE2d 590). Further, he had to show there was a reasonable probability his trial would have had a different result but for his defense counsel's unprofessional deficiencies (*Baggett v. State*, 257 Ga.

735 (363 SE2d 257)), and in doing so he had to overcome the strong presumption that the representation was effective. *Clarington v. State*, 178 Ga. App. 663, 667 (344 SE2d 485).

In considering this issue, we measure the trial defense counsel's performance under the circumstances existing at trial and not with the benefit of hindsight. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362). Measured in that manner, we find that trial defense counsel's recommendation to Bonds regarding the pretrial motions was reasonable under the circumstances at that time, and was part of the trial strategy counsel pursued. Assuming that counsel should have called a witness showing that Bonds was a frequent patron of the stores which were robbed, it is not apparent that this would have altered the result of the trial so as to constitute the ineffective assistance of counsel. Even assuming the existence of judgmental and tactical errors, such errors do not always equate ineffective assistance of counsel. *Clarington*, supra. Although another trial defense counsel may have pursued a different strategy or tactic, this does not constitute a denial of the effective assistance of counsel. *Heard v. State*, 177 Ga. App. 802, 804 (341 SE2d 459).

Considering the totality of the trial and not just appellant's allegations of isolated errors (*Clarington*, supra), we are satisfied that Bonds has not met his burden under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) of showing that his counsel's performance was deficient and that this deficient performance prejudiced his defense.

After examining the record and transcript in their totality, we find there exists no reasonable probability that the outcome would have been different within the meaning of *Strickland v. Washington*, supra. In particular, we note that the trial defense counsel pursued an aggressive defense which resulted in an acquittal of one of the two charges against Bonds. Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 12, 1992 —
RECONSIDERATION DENIED FEBRUARY 25, 1992 —

*Kardos, Warnes & McElwee, Stephen H. McElwee*, for appellant.

*Harry N. Gordon, District Attorney, Steve C. Jones, Assistant District Attorney*, for appellee.