## A92A1611. WEAVER v. THE STATE.
(426 SE2d 41)

JOHNSON, Judge.

Andre Lewis Weaver was convicted of possession of marijuana and two counts of sale of cocaine. He appeals from his convictions and the denial of his motion for a new trial.

1. Weaver contends that the trial court erred in denying his motion to sever the possession of marijuana charge from the two sale of

cocaine charges. "Where the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying [the] motion for severance." (Citations and punctuation omitted.) *Carroll v. State*, 199 Ga. App. 8, 10 (403 SE2d 875) (1991). The marijuana charge was based on marijuana found in Weaver's possession at the time of his arrest for sale of cocaine. Evidence concerning the marijuana would have been admissible at the trial on the cocaine charges as a circumstance of his arrest. See *Kennedy v. State*, 199 Ga. App. 803 (1) (406 SE2d 136) (1991). The trial court did not err in denying Weaver's motion for severance.

2. Weaver's contention that the trial court erred in excluding evidence of hearsay statements, made by a third party who died prior to trial, to the effect that the third party and not Weaver actually sold the cocaine, is without merit because such declarations are not admissible in favor of the accused at his trial. *Huffman v. State*, 257 Ga. 390, 392 (4) (359 SE2d 910) (1987); *Timberlake v. State*, 246 Ga. 488, 492 (1) (271 SE2d 792) (1980); *Davis v. State*, 194 Ga. App. 482, 484 (2) (391 SE2d 124) (1990). The trial court did not err in excluding the evidence.

3. In his third enumeration, Weaver contends that the trial court erred in allowing the state to present evidence of the sentences he received for his prior convictions. Weaver testified that he pled guilty to the prior offenses because he had in fact committed them. He further claimed that he pled not guilty in the instant case because he had not committed the offenses charged. The state attempted to impeach Weaver by showing that he pled guilty to the prior offenses and not guilty in the instant case because the sentences offered to him in the prior cases were more lenient than the sentence offered in this case. The trial court erred in admitting evidence of the prior sentences for this purpose. However, "[w]hile the better method would be not to admit the sentence in a prior offense where a similar transaction is involved, in the case sub judice it is 'highly probable' that the admission of the sentence did not contribute to the verdict. [Cit.]" *Groble v. State*, 192 Ga. App. 260 (2) (384 SE2d 281) (1989). The error was harmless.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 23, 1992 —
RECONSIDERATION DENIED DECEMBER 2, 1992 ▮▮▮▮▮▮

*Shandor S. Badaruddin*, for appellant.
*Lewis R. Slaton, District Attorney, Kenneth D. Feldman, Rebecca A. Keel, Assistant District Attorneys*, for appellee.