A92A1964. MANNING v. THE STATE.
(427 SE2d 521)

JOHNSON, Judge.

Randy Manning, Jr. was convicted of two counts of aggravated sodomy. He appeals his conviction and the denial of his motion for new trial, asserting six enumerations of error.

1. Manning first asserts that the evidence is insufficient to support his conviction. This enumeration is without merit. The victim, William Pirkle, is a mentally handicapped, 15-year-old boy. He testified that he was visiting with his grandparents when one of their frequent alcohol induced fights broke out. In order to prevent further injury to his grandmother, she and William fled to an area nearby referred to as "the woods." The area, located behind an abandoned supermarket, is a gathering place where people socialize, share alcohol, and often sleep. William had accompanied his grandmother to the area on previous occasions. Manning was in the woods that day and offered to let William's grandmother wrap up in his sleeping bag, as it was drizzling and she was cold. After she passed out, Manning began rubbing William, who asked him to stop. Manning pushed William's head down and ordered him to perform oral sex. William tried to get away, but Manning held him. When William started choking, Manning pulled down William's shorts and attempted anal intercourse. Several people approached, and William was able to extricate himself from the situation, having avoided actual penetration. Unable to rouse his grandmother, William ran back to his grandparent's house and called his mother to come and get him. Reviewing the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Manning guilty beyond a reasonable doubt of two counts of aggravated sodomy. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Manning next asserts that the trial court erred in failing to charge, upon request on circumstantial evidence. The trial court defined direct and circumstantial evidence to the jury in its charge, but did not instruct them regarding the law of circumstantial evidence. *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991) requires that a *requested* charge on the law of circumstantial evidence must be given where the state's case relies in whole or in part on circumstantial evidence. We have reviewed all of the charges requested by Manning in the record, both initially and as supplemented, and do not find that a charge on the law of circumstantial evidence was requested. "Where there has been no written request to charge, failure to give the charge is not error." (Citations and punctuation omitted.) *Bartel v. State*, 202 Ga. App. 458, 459 (3) (414 SE2d 689) (1992). We do not reach the issue of whether the state's case relies in whole or in part upon circumstantial evidence.

3. In his third enumeration of error, Manning asserts that the trial court erred in not requiring the state to furnish him with the name and address of the victim in this case pursuant to his timely notice to produce in violation of OCGA § 17-7-110 and Uniform Superior Court Rule 30.3. "While the state, in most instances, should provide a defendant with the telephone numbers and addresses of its

witnesses, this [is] not required." *Baxter v. State*, 254 Ga. 538, 541 (4) (331 SE2d 561) (1985). The indictment, which was served on Manning contained the name of the victim. Further, Manning was given a copy of the transcript of the child's taped statement. It is within the discretion of a minor's guardian whether to allow Manning's counsel to interview him and it was not error for the trial court to refuse to order William to submit to pre-trial interviews with Manning's attorney. *Perkins v. State*, 260 Ga. 292, 295 (5) (392 SE2d 872) (1990). The state's failure to produce William for a pre-trial interview was not error.

4. Manning next alleges that the trial court erred and violated due process by restricting the defense's closing argument. During his closing argument, Manning's counsel stated: "There's been this long delay in coming to trial, and it's not over yet. It's another way the State can cause lapses in memory." The state objected to this statement, as it was not argument which could be derived from any evidence presented at trial. The court agreed and, outside the presence of the jury, invited the defense to offer any evidence it might have of intentional delay. In finding an absence of evidence, the court instructed the jury: "Any remark or reference by any individual that any agent of the State or officer of the Court intentionally causes memory lapses of witnesses as a result of trial delays should not be considered by you, and I'm directing you to allow it to play no part in your deliberations whatsoever." In the absence of abuse, discretion in determining the range of argument is vested in the trial judge. *Towns v. State*, 191 Ga. App. 229, 230 (2) (381 SE2d 405) (1989). The trial court did not abuse its discretion in ruling counsel's argument improper.

5. Manning alleges that the trial court erred in admitting evidence of the victim's pre-trial identification of Manning as the perpetrator of the crime. "The test for determining whether a due process violation occurred in cases such as this is whether the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. The considerations in evaluating the likelihood of misidentification include: (a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness' degree of attention, (c) the accuracy of the witness' prior description of the criminal, (d) the level of certainty demonstrated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation." (Citations and punctuation omitted.) *Bonds v. State*, 203 Ga. App. 51, 52 (1) (416 SE2d 329) (1992).

William was asked to identify his assailant in a lineup on the afternoon of the incident. The police brought in an array of five men. When the second man entered, William put his hands in front of his

face and said "That's him." Specifically, Manning complains that there were five, not six, people in the lineup and that Manning was the only man with facial hair. Manning also argues that because a photograph was not taken of the array as viewed by the victim, the trial court could not make a finding regarding the validity of the lineup and should exclude evidence regarding the pre-trial identification made by the victim. While a picture of the array was not available, the state provided the court with individual pictures of the five people in the lineup. Applying the "totality of the circumstances" test adopted by *Bonds*, supra, we conclude that the procedures used were not so impermissibly suggestive as to cause substantial likelihood of misidentification, and the trial court did not err in allowing testimony regarding the pre-trial identification.

6. Finally, Manning asserts that the trial court erred and violated due process of law in basing its sentence on aggravating circumstances which were not timely disclosed. The state served timely notice that it intended to introduce prior convictions with respect to sentencing. It did not attach certified copies of the convictions to the notice, nor was it required to. See *Day v. State*, 188 Ga. App. 648, 650 (8) (374 SE2d 87) (1988). Counsel for Manning conceded that at least three of the prior felony convictions were proper and admissible, and only those convictions were offered to the court for consideration. Therefore, there is no merit to this complaint.

*Judgment affirmed. Pope, C. J., concurs. Carley, P. J., concurs in Divisions 1, 3, 4, 5, 6, and in judgment.*

DECIDED JANUARY 19, 1993 —
RECONSIDERATION DENIED JANUARY 29, 1993 —

*Alden W. Snead, J. M. Raffauf*, for appellant.
*David McDade, District Attorney, Lois W. Gerstenberger, Assistant District Attorney*, for appellee.