S95A1663. COWARDS v. THE STATE.
(465 SE2d 677)

BENHAM, Chief Justice.

Appellant Roger Lee Cowards was found guilty of and sentenced to life imprisonment for felony murder.[1]

---

[1] The crime occurred on October 12, 1990. Appellant was indicted during the August 1992 term, and his trial commenced January 10, 1994. The jury returned its verdict on January 27, and appellant was sentenced on February 9, 1994. His motion for new trial, filed February 17, 1994, and amended January 10, 1995, was denied on March 29, 1995. Pursuant

1. The indictment charged appellant with malice murder, felony murder with armed robbery as the underlying felony, and armed robbery. Appellant asserts that the trial court erred when it denied his motions for directed verdicts of acquittal on the felony murder and armed robbery charges.

There is no error in denying a defendant's motion for directed verdict of acquittal where the evidence is sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Blackwell v. State*, 264 Ga. 517 (448 SE2d 359) (1994); *Palmore v. State*, 264 Ga. 108 (441 SE2d 405) (1994).

The State produced evidence that the victim, the 79-year-old manager of the boardinghouse where appellant resided, bled to death as a result of 57 knife wounds which were inflicted upon him in his room at the boardinghouse. The victim suffered 29 stab wounds to his upper left chest area and his neck was sliced 17 times. Defensive wounds were found on his hands and arms. Drawers of the victim's dresser and desk were found open, as was his briefcase. The victim's wallet and keys were missing, and his car was not parked as he would have parked it.

Two women testified that appellant had bicycled to an apartment where he had smoked and shared crack cocaine with them. When they ran out of contraband, appellant left on his bicycle to go to the bank to get money to buy more crack cocaine. When he returned to the two women, he had blood on his clothing and was driving what was identified as the victim's car. The women took from appellant's bag a wallet which contained photographs of a man later identified as the victim.

As part of its case-in-chief, the State read into evidence appellant's testimony at his pre-trial bond hearing wherein appellant asserted he had not killed anyone, but admitted he had seen the dying victim and had taken his car keys without calling for emergency assistance for the victim. In that testimony, appellant acknowledged that he had been smoking crack cocaine the night of the murder and had returned to the boardinghouse to retrieve money to buy more contraband. He also admitted that he owned a four-inch knife with a belt pouch and that he had initially lied to investigating officers by telling them he had been in his room at the boardinghouse all night.

The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of both felony murder and the underlying felony of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence that

to the notice of appeal filed April 7, 1995, the case was docketed in this Court on July 19. Oral argument was heard on October 17, 1995.

appellant took the victim's property from the immediate presence of the victim while the victim lay dying from the stab wounds appellant inflicted in order to commit the theft authorized the finding that appellant had committed armed robbery. *Edwards v. State*, 233 Ga. 625 (1) (212 SE2d 802) (1975). See also *White v. State*, 255 Ga. 210 (10) (336 SE2d 777) (1985). The trial court did not err when it denied the motions for directed verdicts of acquittal.

2. Citing *Simmons v. United States*, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968), counsel for appellant objected to the admission at trial of appellant's bond hearing testimony on the ground that its use in the trial required appellant to surrender his Fifth Amendment privilege against self-incrimination in order to assert his Eighth Amendment right to a reasonable bond pending trial. See U. S. Constitution, Amendment Eight; Ga. Const. 1983, Art. I, Sec. I, Par. XIII. In *Simmons*, 390 U. S. at 394, the U. S. Supreme Court ruled inadmissible at trial on the issue of guilt the suppression hearing testimony of a defendant who was required, in order to assert his Fourth Amendment right to be free from unreasonable seizures, to incriminate himself at the suppression hearing by admitting ownership of incriminating evidence. The court found it "intolerable that one constitutional right should have to be surrendered in order to assert another." Id. See also *Culpepper v. State*, 132 Ga. App. 733 (3) (209 SE2d 18) (1974).

We fully concur with the U. S. Supreme Court's holding, but conclude it is inapplicable to the case at bar because appellant was not required to make incriminating statements at his bond hearing in order to receive the benefits of the Eighth Amendment's right to bail. See *United States v. Dohm*, 618 F2d 1169, 1173-1174 (5th Cir. 1980) (en banc). A defendant who has filed a petition seeking release on bail has the initial burden of showing, by means of evidence indicating roots in the community, that the defendant does not pose a significant risk of fleeing, threatening the community, committing another crime, or intimidating a witness. *Ayala v. State*, 262 Ga. 704 (1) (425 SE2d 282) (1993); OCGA § 17-6-1 (e). The defendant's guilt or innocence of the underlying charge is not an issue at the bail hearing, especially since the defendant enters the proceeding cloaked with a presumption of innocence. Id. at 706. Absent objections grounded on the Fifth Amendment at the bail hearing, the decision of defense counsel to bring the extraneous issue of guilt or innocence into the bail proceeding did not preclude, on Fifth Amendment grounds, use of incriminating testimony given at the bail hearing. See also *Vaxter v. State*, 508 NE2d 809 (Ind. 1987), and *Raffield v. State*, 333 S2d 534 (Fla. App. 1976) (testimony given by defendant at bond hearing without a Fifth Amendment objection admissible at trial).

3. Appellant takes issue with several rulings made during the

course of the trial by the trial court.

(a) During cross-examination of the lead investigator, the trial court sustained the State's hearsay objection when appellant's counsel sought information not personally known to the investigator, but contained in the case investigation file. Such a line of questioning could result in the "trial by dossier" rejected by this Court in *Teague v. State*, 252 Ga. 534, 535 (314 SE2d 910) (1984). As this is not one of the rare instances in which the investigating officer's motive, intent, or state of mind is a matter concerning which the truth must be found, it was not error to refuse to permit the officer to give hearsay testimony in order to explain his conduct concerning the investigation.

(b) Five pages of handwritten notes were admitted after appellant's former girl friend identified the handwriting as his. Appellant asserted that the prejudicial impact of the notes outweighed their probative value. The objection required the trial court to exercise its discretion to determine admissibility (*Smith v. State*, 255 Ga. 685 (2) (341 SE2d 451) (1986)), and we see no abuse of discretion in the ruling in favor of admission.

(c) Appellant unsuccessfully sought a mistrial when one of the women with whom he had smoked crack cocaine the night of the murder testified that she had thrown the victim's wallet away because she feared that appellant "had done something to somebody." Whether to grant a mistrial is a matter within the discretion of the trial court, and that discretion will not be interfered with on appeal "unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial. . . ." *Stanley v. State*, 250 Ga. 3 (2) (295 SE2d 315) (1982). Our review of the record and the evidence admitted in this case leads us to conclude that appellant received a fair trial. It follows that the trial court did not abuse its discretion in denying appellant's motion for mistrial. See *Langham v. State*, 263 Ga. 750 (2) (438 SE2d 623) (1994).

4. Appellant complains that the trial court did not give a circumstantial evidence charge which emphasized that the guilt of the defendant *beyond a reasonable doubt* must be the only reasonable hypothesis presented by the evidence. Neither OCGA § 24-4-6, the circumstantial evidence statute, nor the pattern jury instruction on circumstantial evidence requires the inclusion of the evidentiary standard of beyond a reasonable doubt when defining circumstantial evidence. The jury was instructed in another portion of the charge that it must be convinced beyond a reasonable doubt in order to find appellant guilty, and was instructed that a case based in part on circumstantial evidence required proof that excluded all other reasonable hypotheses save that of appellant's guilt. There was no error in the trial court's failure to give a charge that combined two principles

which were given separately in the instructions.

*Judgment affirmed. All the Justices concur, except Sears, J., who concurs in the judgment only.*

DECIDED JANUARY 29, 1996.

*Lee Sexton*, for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Caroline W. Donaldson, Assistant Attorney General*, for appellee.