### S96A0906. HAWKINS v. THE STATE.
(475 SE2d 625)

BENHAM, Chief Justice.

Joe Nathan Hawkins appeals his convictions for felony murder, armed robbery, aggravated assault, and possession of a firearm during commission of a felony.[1]

1. In two enumerations of error, Hawkins contends that the evidence was insufficient to authorize his convictions and that he was entitled to a directed verdict of acquittal. Our review of the record reveals that the State adduced evidence which would authorize the jury to find that Hawkins accosted a man leaving a bar, holding a pistol to the man's head and demanding money and jewelry; that Hawkins took a ring and a watch from the robbery victim; that in the course of the robbery, Hawkins struck the robbery victim in the head with the pistol, causing the weapon to fire; and that the bullet from that discharge went through a window of the bar and struck a patron in the head, killing him. That evidence was sufficient for a rational trier of fact to find Hawkins guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Foster v. State,* 264 Ga. 369 (444 SE2d 296) (1994). Because the evidence was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt, there was no error in denying Hawkins's motion for directed verdict of acquittal. *Cowards v. State,* 266 Ga. 191 (1) (465 SE2d 677) (1996).

2. Hawkins was convicted and sentenced for both felony murder and armed robbery. Since Hawkins's armed robbery conviction was the underlying felony for his conviction of felony murder, it merged into the felony murder conviction. The conviction and sentence for armed robbery must, therefore, be vacated. *Fields v. State,* 266 Ga.

---

[1] The crimes were committed in the early morning hours of December 23, 1994, and Hawkins was indicted on June 21, 1995, for armed robbery, aggravated assault, felony murder (armed robbery), and possession of a firearm during commission of a felony. A trial conducted on November 27-28, 1995, resulted in verdicts of guilty on all charges. Hawkins was sentenced to concurrent sentences of life for armed robbery, twenty years for aggravated assault, life for felony murder, and five years for possession of a firearm during commission of a felony. A motion for new trial filed December 27, 1995, was denied by an order filed February 9, 1996. Pursuant to a notice of appeal filed February 12, 1996, the appeal was docketed in the Court of Appeals on February 20, 1996. That court transferred the appeal to this Court by an order dated February 23, 1996, and the appeal was docketed in this Court on February 29, 1996. The appeal was submitted for decision on the briefs.

241 (4) (466 SE2d 202) (1996).

3. The final issue to be addressed on appeal[2] is Hawkins's complaint that the trial court refused to instruct the jury on battery and simple battery as offenses included in the aggravated assault charge of the indictment. We do not reach the merits of that complaint, however, because the record shows that no written request to charge on included offenses was presented to the trial court as is required by OCGA § 5-5-24.[3] After the evidence was closed and the trial court had heard argument on and denied Hawkins's motion for directed verdict, the prosecuting attorney brought to the court's attention that the defense had just served the prosecution with three requests to charge. The trial court noted that he did not have the charges, and nothing in the record shows that the trial court was ever presented with the requests to charge in writing. "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error. *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976)." *Howe v. State*, 250 Ga. 811 (301 SE2d 280) (1983). We find no error in the trial court's failure to give the charges on included offenses.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED SEPTEMBER 23, 1996.

*Brimberry, Kaplan & Brimberry, John P. Cannon,* for appellant.
*Britt R. Priddy, District Attorney, Michael J. Bowers, Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.

---

[2] Hawkins filed a document in this Court which was intended to raise additional issues on appeal, but since he is represented on appeal by counsel and has no right to represent himself at the same time (*Cargill v. State*, 255 Ga. 616, 622 (3) (340 SE2d 891) (1986)), we will rule only on those issues raised by counsel. *Eagle v. State*, 264 Ga. 1 (5) (440 SE2d 2) (1994).

[3] OCGA § 5-5-24 (b):
In all cases, at the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may present to the court written requests that it instruct the jury on the law as set forth therein. Copies of requests shall be given to opposing counsel for their consideration prior to the charge of the court. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury but shall instruct the jury after the arguments are completed. The trial judge shall file with the clerk all requests submitted to him, whether given in charge or not.