## S96A1580. SMITH v. THE STATE.
### (480 SE2d 838)

BENHAM, Chief Justice.

This appeal is from Jimmy Lee Smith's conviction for felony murder.[1] The victim's body was found behind a dumpster. Smith's wife told the police that she saw him cut up a blood-stained square of carpet and wipe off a large stick, which she described as a baseball bat that Smith kept behind their apartment door. Based on that information, police officers searched the apartment, discovering

---

[1] The crime was committed on February 7, 1994, and Smith was arrested on February 8. He was indicted for malice murder, felony murder, and aggravated assault on February 23, 1994, and was tried December 14-16, 1994. The jury found Smith not guilty of malice murder, but guilty of felony murder and aggravated assault. The trial court sentenced Smith to life imprisonment on the felony murder conviction only, to be served consecutively to a previously imposed life sentence. Smith's motion for new trial, filed January 18, 1994, and amended on February 16, 1996, was denied on March 25, 1996. Smith filed a notice of appeal on April 15, 1996; the appeal was docketed in this Court on June 27, 1996; and the appeal was submitted for decision on the briefs.

blood stains on the floor and carpet, a hole in the carpet, blood stains on a mop and pail, and a broken window with glass inside and out. Smith was arrested for the victim's murder. Smith's wife testified that Smith told her someone had broken into the apartment and that he had shot the intruder in the leg. She also testified that Smith tried to give her a gun, but she refused it. Medical testimony indicated that the victim died as a result of three crushing wounds to the skull and that the placement of the wounds indicated that they were inflicted as the victim lay on the ground unmoving. In a statement introduced at trial, Smith told a police officer that he came home to find a burglar in his apartment; that he hit the burglar with a stick when the burglar ran toward him, then hit the burglar twice more; and that he hid the body because he did not think anyone would believe he killed the victim in self-defense.

1. Smith contends the trial court erred in denying his motion for a continuance made on the ground that a properly subpoenaed witness was absent. Defense counsel stated in her place that the witness was a police officer who would have testified that he had once arrested the victim for possession of cocaine with intent to distribute, that the baggies found in the victim's pocket were those commonly used to package cocaine, and that drug users and dealers commit burglaries.

Although the subpoenaed officer whose testimony Smith wanted was absent, another police officer testified to essentially the same facts, establishing that the victim had a pending drug charge, that the plastic bags in his pocket were those typically used to package drugs, and that many burglaries are drug-related. "The failure to grant a continuance for testimony which is merely cumulative is not reversible error. [Cits.]" *Gallimore v. State*, 166 Ga. App. 601 (1) (305 SE2d 164) (1983).

2. Defense counsel moved for a mistrial on the ground that Smith claimed that jurors had seen him in handcuffs outside the courtroom. However, the defense made no effort to have jurors questioned and did not pursue the matter farther than making the motion for mistrial. Under those circumstances, we find no abuse of the discretion with which trial courts are cloaked in considering a motion for mistrial on that ground. *George v. State*, 192 Ga. App. 840 (4) (386 SE2d 669) (1989).

3. Smith enumerates as error the trial court's denial of his motion for a directed verdict of acquittal. "There is no error in denying a defendant's motion for directed verdict of acquittal where the evidence is sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt." *Cowards v. State*, 266 Ga. 191 (465 SE2d 677) (1996). The evidence presented at the trial of this case, viewed in a light supporting the verdict (*Anderson v. State*,

245 Ga. 619 (1) (266 SE2d 221) (1980)), showed that Smith used a piece of wood the size and shape of a baseball bat to crush the victim's skull as the victim lay on the floor. Smith's statements that the victim was an armed burglar and that Smith did not strike the victim once he was on the floor were not consistent with the State's evidence that the window through which the victim allegedly entered the apartment had been broken earlier, that no gun was found at the scene, and that the fatal blows were struck after the victim lay unresisting on the floor. The evidence at trial was sufficient to authorize a rational trier of fact to find Smith guilty of felony murder beyond a reasonable doubt. *Hawes v. State*, 266 Ga. 731 (1) (470 SE2d 664) (1996). That being so, there was no error in denying Smith's motion for a directed verdict. *Cowards*, supra.

4. The trial court denied a request to charge the jury on involuntary manslaughter[2] as an included offense. Smith contends that the jury could have found, because of his lack of intent to kill, that he committed the misdemeanor of simple battery rather than the felony of aggravated assault. We disagree.

In *Mason v. State*, 147 Ga. App. 179 (1) (248 SE2d 302) (1978), the Court of Appeals held that evidence that the appellant struck the victim over the head with a baseball bat approximately 36 inches in length, crushing the victim's skull, showed either aggravated assault or no offense at all; it could not have been a simple battery. Here, as in *Mason*, there was no evidence that Smith committed only simple battery on the victim. Since there was no evidence that Smith committed an unlawful act not a felony, the trial court did not err in refusing to charge on involuntary manslaughter. *Rouse v. State*, 265 Ga. 32 (2) (453 SE2d 30) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1997.

*Sarina J. Woods,* for appellant.

*Lewis R. Slaton, District Attorney, Kirby Clements, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.

---

[2] "A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony." OCGA § 16-5-3 (a).