A98A1105. WILSON v. THE STATE.

(505 SE2d 774)

SMITH, Judge.

William Chad Wilson was indicted by a Ware County grand jury on one count of theft by taking, OCGA § 16-8-2, one count of burglary, OCGA § 16-7-1 (a), one count of fleeing and attempting to elude a police vehicle, OCGA § 40-6-395 (a), two counts of felony obstruction of a police officer, OCGA § 16-10-24 (b), and two counts of aggravated assault on a police officer, OCGA § 16-5-21 (c). A jury acquitted him of aggravated assault but found him guilty of all other charges. Wilson's motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. Wilson asserts the general grounds. Construed to support the jury's verdict, the evidence shows that the owner of a used car lot positively identified Wilson as the man who entered her business and took a car without permission. Wilson testified and contradicted this testimony, contending he had permission to "test drive" the car, but later abandoned it because he was "paranoid" as the result of crack cocaine and marijuana use. We do not re-weigh the evidence or judge the witnesses' credibility. We must construe the evidence to uphold the verdict and determine only whether the evidence is sufficient to enable any rational trier of fact to find Wilson guilty of the crime charged beyond a reasonable doubt. *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990), aff'd, 261 Ga. 311 (404 SE2d 787) (1991). The jury was authorized to disbelieve Wilson's testimony in favor of the victim's, particularly since Wilson drove the vehicle over

100 miles from Waycross to Twin City, Georgia. He also made a statement to police admitting he took the car in order to visit his girlfriend in Twin City. See *Bell v. State*, 220 Ga. App. 293 (469 SE2d 714) (1996).

The evidence also shows that a business in Ware County was burglarized and three checkbooks taken. After the burglary, checks from the accounts began returning to the owner made out to Wilson and to his girlfriend. Wilson also acknowledged in his statement to police that he broke into the business to look for checks to support his drug habit and took three sets of checks. Wilson disavowed his statement to the police at trial, claiming that an acquaintance named "Alex" took the checks and that he and his girlfriend only advised and assisted Alex in passing the checks. As with the burglary charge, however, the jury was authorized to disbelieve this testimony.

Finally, several police officers testified that Wilson ran one patrol car off the road into a ditch and rammed a second patrol car during an extended high-speed chase at speeds of over 100 mph. After the police shot out two of Wilson's car tires, he refused to obey the officers' orders to exit the car and get on the ground, struggling with them until subdued by a police dog.

OCGA § 16-10-24 (b) provides that one who "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his duties by offering or doing a violence to the person of such officer . . . is guilty of a felony." The offense of felony obstruction is "meant to cover obstruction of law enforcement officers in general by the use of violence, threat of violence, or other unlawful means." (Citations and punctuation omitted.) *Pearson v. State*, 224 Ga. App. 467, 468 (480 SE2d 911) (1997). The use of a motor vehicle to ram another vehicle or run it off the road obviously constitutes violence or the threat of violence. Wilson contended he inadvertently "had a little contact" with one patrol car and never saw the second car beside him. But the officer who was struck from behind testified that Wilson "was not braking at all" when he rammed the patrol car. Another officer testified that Wilson knew an officer was in front of him, made eye contact with the officers involved in the chase, and had full control of his vehicle when he ran the second patrol car off the road. Moreover, the entire incident was recorded on a patrol car's video camera and played for the jury. Once again, this was a disputed issue of fact which was resolved against Wilson.

We conclude that the evidence was sufficient to enable a rational finder of fact to conclude that Wilson was guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wilson contends that the trial court erred in denying his

motion to sever the burglary charge from the motor vehicle theft charge. "Where the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying the motion for severance." (Citation and punctuation omitted.) *Weaver v. State*, 206 Ga. App. 560, 561 (426 SE2d 41) (1992). When evidence of both offenses is admissible as part of the circumstances of the defendant's arrest, the trial court does not err in refusing to sever the offenses for trial. Id. Here, warrants were issued against Wilson on the charges of burglary and theft by taking approximately one month before his arrest. A police officer recognized Wilson driving a stolen car and knew of the outstanding warrants against him; the officer's attempt to stop Wilson led to the high-speed chase and Wilson's arrest. Moreover, the burglary charge was based in part upon the stolen checkbooks found in Wilson's car after the high-speed chase. All this evidence was admissible as part of the circumstances of Wilson's arrest, *Paschal v. State*, 181 Ga. App. 794, 795 (3) (354 SE2d 5) (1987), and the trial court did not abuse its discretion in denying the motion for severance.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 30, 1998.

*John D. Staggs, Edward F. Smith*, for appellant.
*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.