### S98A1910. MILLER v. THE STATE.
(512 SE2d 272)

BENHAM, Chief Justice.

Paul Miller was convicted of felony murder, with the underlying felony being burglary, in connection with the death of Riley Lashley.[1]

---

[31] *Lamb*, 270 Ga. at 390-391.

[1] The crimes occurred on February 9, 1990, and appellant was arrested that same day. In August 1990, a Grady County grand jury indicted appellant for felony murder/aggravated assault (Mr. Lashley); felony murder/aggravated assault (Mrs. Lashley); felony murder/burglary; aggravated assault (Mr. Lashley); aggravated assault (Mrs. Lashley); burglary; possession of less than an ounce of marijuana; and possession of a firearm by a convicted felon. A trial commenced on September 24, 1990, and concluded with the jury's return of guilty verdicts on all counts on September 26. On October 3, appellant was sentenced to life imprisonment for felony murder/burglary, and appellant filed a pro se motion for new trial the same day. Appellate counsel was appointed to represent appellant on February 18, 1992, and appellant's motion for new trial was denied on January 27, 1998. A Notice of Appeal was filed on February 25, and the case was docketed in this Court on August 27. It was submitted for decision on briefs.

On February 9, 1990, a masked man armed with a gun entered the Lashley home through a bedroom window and pointed the gun at the homeowners. Mr. Lashley escaped and ran to the home of a neighbor who called police. Before the police arrived, Mr. Lashley suffered a fatal heart attack and the intruder left the Lashley premises. Mrs. Lashley described the intruder's clothing to police and said he walked with a limp. She also stated that the intruder had repeatedly pulled at his mask, thereby permitting her to see his face. The officer responding to the emergency call recalled he had seen a man matching Mrs. Lashley's description a short distance from the Lashley home as he had driven there that evening, and informed another officer to look out for the man. The other officer stopped appellant as matching the description given, patted him down, and found a green leafy substance that later tested positive for marijuana. Appellant told the officer he had been at a friend's home. The friend, who lived directly behind the Lashleys, testified that appellant had been at his home, that the witness had left for a short period, and returned to hear a commotion at the Lashleys and see appellant climb over the fence from the Lashley property into the witness' backyard. When the witness refused to drive appellant away from the area, appellant left on foot. The neighbor to whose house Mr. Lashley ran testified that Mr. Lashley told her the intruder was a man who had a limp and who had stopped by the house earlier in the week looking for yard work. A forensic microanalyst testified that a facial hair found in a white mask found in the Lashleys' backyard could have come from appellant. The medical examiner testified that Mr. Lashley's heart had been in bad condition and that the heart attack had been caused by the stress placed upon it by the emotional reaction to an armed intruder and the physical exertion of running over 100 feet to the neighbor's home. Another witness testified that, 30 months earlier, appellant had entered his home through a window and taken jewelry after having done yard work for the witness. Appellant's employer testified that appellant had one leg.

1. The evidence summarized above was sufficient to authorize a rational trier of fact to convict appellant of felony murder, with the underlying felony being burglary, and possession of less than an ounce of marijuana. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Durden v. State*, 250 Ga. 325 (5) (297 SE2d 237) (1982); *Hicks v. State*, 228 Ga. App. 235 (2) (494 SE2d 342) (1997). Because the same standard of review is applicable to an assertion that a motion for directed verdict of acquittal was wrongfully denied, it was not error to deny the motion for directed verdict. *Smith v. State*, 267 Ga. 502 (3) (480 SE2d 839) (1997).

2. Appellant next contends that his right to due process required the suppression of trial testimony concerning the surviving victim's

selection of appellant as the perpetrator because the surviving victim's identification of appellant was the result of an allegedly impermissibly suggestive pre-trial lineup identification procedure.[2]

It is error to allow testimony concerning a pre-trial identification of the defendant if the identification procedure was impermissibly suggestive and, under the totality of the circumstances, the suggestiveness gave rise to a substantial likelihood of misidentification. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Reid v. State*, 210 Ga. App. 783 (2) (437 SE2d 646) (1993). A court need not consider whether there was a substantial likelihood of misidentification if it determines that the identification procedure was not impermissibly suggestive. *Whatley v. State*, 266 Ga. 568 (2) (468 SE2d 751) (1996). An identification procedure is impermissibly suggestive when it leads the witness to an "all but inevitable identification" of the defendant as the perpetrator (*Brewer v. State*, 219 Ga. App. 16 (6) (463 SE2d 906) (1995)) or, as was held in *Heyward v. State*, 236 Ga. 526 (224 SE2d 383) (1976), is the equivalent of the authorities telling the witness, "This is our suspect."

At the pre-trial motion to suppress, appellant argued that the lineup was constitutionally infirm because appellant was the shortest participant in the six-man lineup and the only one with a full beard. The GBI agent who assembled the lineup testified that it consisted of six men, all of whom generally had the same body build and complexion as appellant. Photos of the participants depict appellant as being, at the most, an inch or two shorter than the others, and show at least one other participant with facial hair. Neither the difference in height nor the lack of facial hair on most of the lineup participants made the lineup impermissibly suggestive. See *Payne v. State*, 233 Ga. 294, 297-298 (210 SE2d 775) (1974); *Marshall v. State*, 233 Ga. App. 573 (2) (a) (504 SE2d 764) (1998); *Manning v.* State, 207 Ga. App. 181 (5) (427 SE2d 521) (1993); *Truelove v. State*, 198 Ga. App. 14 (1) (400 SE2d 396) (1990). The fact that the victim initially identified another lineup participant as the assailant does not make the lineup impermissibly suggestive. See *McKenzie v. State*, 162 Ga. App. 522 (1) (292 SE2d 722) (1982). The trial court did not err when it denied the motion to suppress.

3. When appellant was stopped, the officer, knowing that a weapon had been used in the crime of which appellant was suspected, conducted a protective "pat-down" of appellant and found less than an ounce of marijuana in appellant's pocket. The drug charge

---

[2] It is unclear from the trial transcript whether the victim made an in-court identification of appellant as the perpetrator; however, it is clear that a GBI agent and defense counsel, both of whom had been present at the lineup, testified about the victim's ultimate identification at the pretrial lineup of appellant as the perpetrator.

was tried in the murder/burglary trial, and appellant contends that the trial court's refusal to sever the marijuana charge from the felonies constitutes reversible error.

Where, as here, the joinder of charges is based on the fact that the charges comprise a series of connected acts, whether to sever the charges for trial is a matter for the trial court's discretion. *Bland v. State*, 264 Ga. 610 (2) (449 SE2d 116) (1994). The trial court does not abuse its discretion in denying a severance motion where evidence of one charge would be admissible in the trial of the other. *Catchings v. State*, 256 Ga. 241 (4) (347 SE2d 572) (1986). Evidence of the circumstances of a defendant's arrest is admissible in the trial of the charge for which he was arrested. *State v. Luke*, 232 Ga. 815, 816 (209 SE2d 165) (1974). When the circumstances of that arrest result in additional criminal charges, it is not an abuse of discretion to refuse to sever the trial of those charges from the trial of the charge for which appellant was arrested. *Weaver v. State*, 206 Ga. App. 560 (1) (426 SE2d 41) (1992). See also *Carter v. State*, 269 Ga. 420 (3) (499 SE2d 63) (1998); *Wilson v. State*, 233 Ga. App. 688 (2) (505 SE2d 774) (1998). Accordingly, the trial court did not abuse its discretion in denying the motion to sever the charges.

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., who concurs specially.*

FLETCHER, Presiding Justice, concurring specially.

I do not agree with the majority's holding in division 3 that the evidence of marijuana in Miller's pocket at the time of his arrest would be admissible in his trial for felony murder simply because the marijuana was a circumstance of his arrest.

In 1876, this Court stated that the circumstances of a defendant's arrest are "proper evidence to be submitted to the jury to be weighed by them for what they are worth."[3] This Court has through the years relied upon this broad statement with little consideration of whether it comports with the express relevancy requirement codified in OCGA § 24-2-1. Because evidence must be relevant in order to be admissible, trial courts and this Court should examine the specific evidence sought to be admitted and the relevance of that evidence. By relying on talismanic statements that broad categories of evidence are admissible without regard to reason or rationale, we fail in our obligation to provide clarity and guidance to the bench and bar.

The primary issue in the trial was whether Miller was the man who broke into the Lashleys' house. Since Mrs. Lashley did not observe the marijuana, proof of Miller's possession of marijuana does

---

[3] *Wynne v. State*, 56 Ga. 113 (5), 119 (1876).

not tend to logically prove identity or any other material issue in the case. If the marijuana evidence is not relevant to the felony counts, it should not be admissible in the trial on those counts.[4] Nor does evidence become admissible simply because the state added a charge related to the evidence. I would hold that the mere fact of Miller's possession of marijuana when arrested does not justify the joinder of the offenses. Nevertheless, considering the strength of the state's case, I cannot conclude that had the offenses been severed, the outcome of the case would have been different.

DECIDED FEBRUARY 8, 1999 —
RECONSIDERATION DENIED APRIL 1, 1999.

*Billy M. Grantham,* for appellant.

*J. Brown Moseley, District Attorney, John A. Warr, Robert R. Auman, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.

---

[4] See *Crosby v. State*, 269 Ga. 434, 435 (498 SE2d 62) (1998) (evidence that a defendant had a small amount of marijuana in her purse at the time of arrest was irrelevant and prejudicial in murder trial and the trial court erred in admitting it into evidence).