*M. Reese, Assistant Attorney General,* for appellee.

S94A0841. ARMSTRONG v. THE STATE.
(448 SE2d 361)

BENHAM, Presiding Justice.

This appeal is from appellant's conviction of murder.[1] He complains on appeal that the evidence was insufficient to convict, that the trial court erred in permitting eyewitnesses to identify him at trial, and that the trial court's refusal to charge the jury on voluntary manslaughter was error.

1. The State presented evidence that the victim was appellant's girl friend. The victim's sister-in-law testified that she saw appellant "punching" the victim in an alley, and that appellant folded a pocketknife as he exited the alley. The witness recounted that the bleeding victim told her that appellant had stabbed her. Two operators of a nearby business each identified appellant as the man they saw in the alley stabbing the victim. The evidence adduced at trial was sufficient to authorize the jury to find appellant guilty beyond a reasonable doubt of the offense of murder. *Greene v. State,* 263 Ga. 466 (435 SE2d 607) (1993); *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Two of the witnesses who identified appellant as the killer were shown a photographic line-up which included a photograph of appellant's face, but they did not identify him at that time. They did, however, identify him positively at a physical line-up and at trial. Pretermitting whether the identification procedure was impermissibly suggestive because appellant was the only person from the photographic line-up who appeared in the physical line-up (but see *Dudley v. State,* 179 Ga. App. 252 (1) (345 SE2d 888) (1986)), there was no error in permitting the in-court identification: both eyewitnesses testified that they had seen appellant in the neighborhood before the stabbing and saw him clearly on the occasion of the stabbing, thus establishing a basis for the witness' in-court identification which was independent of the photographic line-up. *Baxter v. State,* 254 Ga. 538 (11) (331 SE2d 561) (1985).

3. Appellant requested a charge on voluntary manslaughter which

---

[1] The killing occurred on May 18, 1991. Appellant was indicted for murder on July 17, 1991, and was tried on November 4, 6 and 7, 1991, resulting in a verdict of guilt and a sentence of life imprisonment. Appellant's motion for new trial, filed on November 14, 1991, was denied on November 17, 1993. His notice of appeal was filed February 24, 1994, pursuant to an order filed February 1, 1994, granting appellant an out-of-time appeal. The case was docketed in this court on March 9, 1994, and orally argued on May 9, 1994.

the trial court refused to give on the ground that there was no evidence to support such a charge. The evidence the State adduced did not suggest any provocation sufficient to reduce the killing to manslaughter and appellant's evidence was that he was elsewhere when the crime was committed. Under those circumstances, there was no error in refusing to charge on voluntary manslaughter. *Pitts v. State,* 253 Ga. 461 (6) (321 SE2d 708) (1984); *Dickey v. State,* 240 Ga. 634 (6) (242 SE2d 55) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 1994.

*Ellen M. Mayoue,* for appellant.

*Glenn Thomas, District Attorney, Stephen D. Kelley, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.