## S00A1286. WILLIAMS v. THE STATE.
(537 SE2d 39)

HUNSTEIN, Justice.

Appellant Anthony Williams was convicted of the malice murder of Derrick Shephard. He appeals from the denial of his motion for new trial and we affirm.[1]

1. The evidence presented at trial shows that during the early morning hours of August 3, 1995, an eyewitness saw appellant chase the victim, stand over him when he fell and shoot him in the abdomen. The victim bled to death. Viewed to support the jury verdict, we find the evidence adduced at trial sufficient to enable a rational trier of fact to find appellant guilty of malice murder beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court improperly admitted evidence of a pretrial photographic identification and an in-court identification of appellant by Shcoyta Jones, an eyewitness. Convictions based on a pretrial identification by photograph and a subsequent identification at trial will be set aside only if "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Neil v. Biggers*, 409 U. S. 188, 196 (93 SC 375, 34 LE2d 401) (1972); see *Miller v. State*, 270 Ga. 741 (2) (512 SE2d 272) (1999). A court need not consider whether there was a substantial likelihood of misidentification if it finds that the identification procedure was not impermissibly suggestive. Id. An identification procedure becomes

---

[1] The crime occurred on August 3, 1995. Appellant was indicted on January 16, 1996 in Fulton County. On March 6, 1997 a jury convicted appellant of malice murder and he was sentenced to life in prison. His motion for new trial was filed on April 3, 1997, amended on August 14, 1997, and denied on June 9, 1999. A notice of appeal was timely filed on July 9, 1999, and docketed in this Court on April 19, 2000. The appeal was submitted for decision without oral argument.

impermissibly suggestive when it "leads the witness to an 'all but inevitable identification' of the defendant as the perpetrator, ([cit.]), or . . . is the equivalent of the authorities telling the witness, 'This is our suspect.'" Id. at 743 (2).

Here, immediately after police arrived on the scene of the shooting, Shcoyta Jones identified appellant as the shooter. She told police she knew appellant prior to the crime, knew his nickname, "Ant," and had a clear view of appellant's face and the crime for approximately five minutes as she looked out her window. Shortly after the shooting, Jones was shown an array of six photographs, including one of appellant. Each photograph displayed a man similar in age and complexion to appellant. Jones, upon viewing the photographic line-up, immediately identified appellant as the assailant. Under these circumstances, we find the pretrial photographic line-up was not impermissibly suggestive. Contrary to appellant's argument, the slight difference in appellant's hairstyle and the hairstyles of others in the line-up did not render the photographic line-up impermissibly suggestive. See id., 270 Ga. at 743 (2).

The record establishes that the photographic identification did not taint Jones' subsequent in-court identification of appellant. Given Jones' testimony that she had seen appellant in the neighborhood on several prior occasions, knew him by his nickname, knew where his family lived, and had clearly seen his face during the commission of the crime, we find that the in-court identification was independent of the pretrial photographic identification thereby indicating its reliability. See *Armstrong v. State*, 264 Ga. 505 (2) (448 SE2d 361) (1994); *Harper v. State*, 251 Ga. 183 (2) (304 SE2d 693) (1983).

3. Appellant contends that the trial court erred in admitting evidence that showed appellant and the victim were together at the murder scene several months before the murder. The admission of evidence lies within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. *Baker v. State*, 246 Ga. 317 (3) (271 SE2d 360) (1980). The record establishes that the victim called out the name "Ant" during the attack, indicating that he knew his assailant, and that "Ant" was appellant's commonly known nickname. Evidence of the relationship between the victim and appellant was relevant for purposes of identification, and the trial court did not abuse its discretion in admitting this evidence.

4. The trial court did not abuse its discretion when it denied appellant's motion for mistrial after a defense witness was escorted out of the courtroom by a bailiff. During his testimony, the defense witness admitted he was wanted on an outstanding warrant issued in another state. After the witness left the stand, the bailiff asked the witness to accompany him out of the courtroom. Contrary to appel-

lant's argument, the witness was not arrested in open court and appellant has failed to establish that the incident prejudiced any juror against him. See generally *Casey v. State*, 237 Ga. App. 461 (1) (515 SE2d 429) (1999).

5. We find no abuse of the trial court's discretion in dismissing a juror after the submission of the case to the jury where, after proper examination by the court and the parties, the juror stated she could not deliberate because her religious beliefs prevented her from judging another person. OCGA § 15-12-172 authorizes the trial court to seat an alternate juror in the place of a juror who becomes ill or for other good or legal cause is incapacitated. The trial court must exercise its discretion in making the substitution, and is free to do so even after deliberations have begun. *Perry v. State*, 255 Ga. 490 (5) (339 SE2d 922) (1986). In this case, the juror was dismissed only after the trial court ascertained from the juror that she could not participate in deliberations because of her religious beliefs. It is not an abuse of discretion to dismiss a juror when the juror's inability to render a decision is due to religious beliefs. *Robinson v. State*, 258 Ga. 279 (2) (368 SE2d 513) (1988).

6. Appellant's objection to the trial court's charge on the burden of proof has been decided adversely to him. See *Mallory v. State*, 271 Ga. 150 (4) (517 SE2d 780) (1999). We find no error in the charge as given.

7. The trial court did not err in allowing a viewing of the crime scene by the jury in appellant's absence as the purpose of the viewing was solely to assist the jury in understanding the testimony given at trial. See *Jordan v. State*, 247 Ga. 328 (9) (276 SE2d 224) (1981). It is uncontroverted that the viewing was not transformed into an evidentiary view. Compare *Holsey v. State*, 271 Ga. 856 (524 SE2d 473) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2000.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Alvera A. Wheeler, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.