S04A2017. THE STATE v. HATTNEY et al.
(610 SE2d 44)

SEARS, Presiding Justice.

The appellees, Keenard Hattney and Stenson White, were jointly indicted for several crimes, including murder, for the January 20, 2003, shooting of Tewedros Gebre-Hiwet. The trial court granted

---

[3] See *Rivers v. State*, 271 Ga. 115, 117 (516 SE2d 525) (1999).
[4] 263 Ga. 764 (438 SE2d 905) (1994).
[5] See OCGA § 17-12-3 et seq.

Hattney's and White's motion to suppress an out-of-court identification of each of them by Gregory Oliver pursuant to a single photograph showup. The trial court, however, denied their motion to suppress an in-court identification of them by Oliver, ruling that the trial court would evaluate whether Oliver, as the State claimed, had known Hattney and White for an extended period of time and whether, if he had, his in-court identification would be permitted. The State appeals from the suppression of the out-of-court identification, and we conclude that the same reasons given by the trial court for denying the motion to suppress the in-court identification likewise apply to the out-of-court identification. Thus, we reverse the trial court's suppression of the out-of-court identification, and remand for proceedings consistent with this opinion.

If an out-of-court identification by a witness is suggestive and conducive to a " 'very substantial likelihood' " of misidentification, evidence of that out-of-court identification violates due process and is inadmissible at trial.[1] Similarly, if the same suggestive out-of-court identification can be said to lead to " 'a very substantial likelihood of irreparable misidentification,' "[2] an in-court identification of the defendant would also violate due process and would be inadmissible. With regard to evidence of either the out-of-court or in-court identification, "[i]t is the likelihood of misidentification which violates a defendant's right to due process."[3] In determining whether there is a substantial likelihood of misidentification, the "totality of the circumstances" is to be considered.[4] Under this test,

> the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.[5]

Moreover, whether the witness knows the defendant is a critical factor in determining the reliability of an identification.[6]

---

[1] *Neil v. Biggers*, 409 U. S. 188, 198 (93 SC 375, 34 LE2d 401) (1972).

[2] Id., quoting *Simmons v. United States*, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968).

[3] *Neil*, 409 U. S. at 198.

[4] Id. at 199-200.

[5] Id.

[6] *Williams v. State*, 272 Ga. 828, 829 (537 SE2d 39) (2000); *Pruitt v. State*, 270 Ga. 745, 751, 752 (514 SE2d 639) (1999).

In the present case, although the trial court suppressed evidence of the out-of-court identification of the defendants by Oliver, the court concluded that it might permit Oliver to make an in-court identification of Hattney and White if the court later determined that Oliver had known Hattney and White for an extended period of time. The court thus effectively ruled that, based on further evidence of Oliver's knowledge of Hattney and White, the court might determine that any suggestive out-of-court identification procedures would not render Oliver's in-court identification unreliable or subject to a "substantial likelihood of misidentification."[7] Because this standard for permitting Oliver to make an in-court identification of the defendants is the same as the standard for permitting the State to offer evidence of Oliver's out-of-court identification,[8] the trial court erred by suppressing evidence of the out-of-court identification. If the trial court determines that Oliver had known Hattney and White for a sufficient period of time so that his out-of-court identification of them pursuant to the single photograph showups was reliable and not subject to a substantial risk of misidentification, then evidence of the out-of-court identification would be admissible.

Accordingly, we reverse the trial court's judgment and remand the case to it for proceedings consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MARCH 7, 2005.

*Paul L. Howard, Jr.,* District Attorney, *Michele T. McCutcheon, Anne E. Green, Marc A. Mallon,* Assistant District Attorneys, for appellant.

*Brandon Lewis,* for appellees.