## S05A1206. THE STATE v. GLASS et al.
### (620 SE2d 371)

HINES, Justice.

The State appeals the trial court's grant of a motion to exclude certain evidence in the prosecution of Earnest Glass, Jr. See OCGA § 5-7-1. Finding that the grant of the motion was improper, we reverse.

Lisa Mosby was shot and killed in a drive-by shooting. Based on a photographic lineup, witnesses identified Earnest Glass, Jr. and co-indictees John Philpot and Lizzie Philpot as the occupants of the automobile from which the shots were fired, and Glass as the shooter. Glass moved to exclude evidence of his identity derived from the photographic lineup from use at trial. The trial court granted the motion as to witness Anthony Floyd, denying the motion as to other witnesses.

The lineup was conducted three days after the shooting.[1] A detective went to the area of the crime carrying photographs of Glass and five others, and separately showed the photographs to two witnesses, Brown and Mitchell. Each identified Glass as one of the persons in the car. Floyd was shown the photographs close to an hour later. Floyd testified that before he saw the photographic array, Mitchell told him that the lineup contained a photograph of "Man," an alias of Glass's. Although Floyd's testimony was at times contradictory, and Mitchell denied telling Floyd that a photograph of "Man" was in the lineup, there was testimony supporting the court's factual determination that Mitchell had told Floyd that Glass's photograph was in the lineup.

> If an out-of-court identification by a witness is suggestive and conducive to a " 'very substantial likelihood' " of misidentification, evidence of that out-of-court identification violates due process and is inadmissible at trial. Similarly, if the same suggestive out-of-court identification can be said to lead to " 'a very substantial likelihood of irreparable misidentification,' " an in-court identification of the defendant would also violate due process and would be inadmissible. With regard to evidence of either the out-of-court or in-court identification, "[i]t is the likelihood of misidentification which violates a defendant's right to due process." In determining whether there is a substantial

---

[1] Although the trial court's order states that the lineup was conducted "[a]pproximately one week" after the shooting, the only evidence is that the shooting occurred on February 10, 2003, and that the lineup was conducted on February 13, 2003.

likelihood of misidentification, the "totality of the circumstances" is to be considered. Under this test, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. Moreover, whether the witness knows the defendant is a critical factor in determining the reliability of an identification.

(Citations and punctuation omitted.) *State v. Hattney*, 279 Ga. 88, 89 (610 SE2d 44) (2005). "A court need not consider whether there was a substantial likelihood of misidentification if it finds that the identification procedure was not impermissibly suggestive." *Williams v. State*, 272 Ga. 828, 829 (2) (537 SE2d 39) (2000).

The trial court ruled that the length of time that passed after Mitchell and Brown viewed the lineup and before Floyd viewed it, the fact that the three men were not "sequester[ed]" during that time, and the fact that the State could not "quantify" any contact Floyd had with the two men during that time, prevented the State from proving that Floyd's identification of Glass in the lineup was not tainted. The court did not specifically rule that the identification procedure was impermissibly suggestive. In fact, the court ruled that the "photographic lineup . . . on its face, is not impermissibly suggestive. . . ." Nonetheless, it appears that the court made its ruling on the basis that there was a substantial likelihood of misidentification. Such a determination is a mixed question of law and fact and is subject to de novo review. See *Cikora v. Dugger*, 840 F2d 893, 895 (11th Cir. 1988). See also *Sumner v. Mata*, 455 U. S. 591, 597 (102 SC 1303, 71 LE2d 480) (1982); *Silva v. State*, 278 Ga. 506, 507 (604 SE2d 171) (2004).

Pretermitting whether the court erred in addressing the question of whether there was a substantial likelihood of misidentification without first finding that the identification procedure was impermissibly suggestive,[2] the court erred in evaluating the factors concerning a substantial likelihood of misidentification. Floyd knew Glass by sight and on the day of the shooting told police that the shooter was "Man." Floyd was standing in front of Mosby's residence when Glass shot from the front passenger window of a car driving in the lane closest to the house; Glass was in the front passenger seat with the

---

[2] We note that this is not a situation in which the procedure used led to an "all but inevitable identification" of the defendant. *Miller v. State*, 270 Ga. 741, 743 (2) (512 SE2d 272) (1999).

passenger window down. The shooting occurred in daylight, nothing obstructed Floyd's view, and the car passed the crime scene twice, with Glass visible both times. The photographic lineup was shown to Floyd only three days after the shooting. See *Johnson v. State*, 271 Ga. 375, 381 (11) (519 SE2d 221) (1999). He expressed no hesitation about his identification of Glass. In the totality of these circumstances, there was no substantial likelihood of misidentification and it was error for the trial court to find that there was. *Hattney*, supra.

*Judgment reversed. All the Justices concur.*

### DECIDED OCTOBER 3, 2005.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Ronald D. Boyter, Jr., Christopher M. Quinn, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellant.

*Jonathan R. Melnick, Kimberly A. Dymecki, Theodore Johnson*, for appellees.