A06A1440. THE STATE v. NORTON.
(634 SE2d 810)

BLACKBURN, Presiding Judge.

The State appeals the trial court's grant of Kenneth Ray Norton's motion to suppress a photographic lineup identification of Norton. Specifically, the State contends that the court failed to apply the correct legal test in determining the photographic identification's admissibility. For the reasons below, we agree.

While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) *Vansant v. State.*[1]

Here, the undisputed evidence shows that during the very early morning hours, Megan Morris awoke to find a white male in a black ski mask standing next to her bed. Morris began screaming and, as the man threatened her, she pleaded with him to leave. Morris was eventually able to lead the man from her bedroom to her living room and out her front door without being harmed. During the entire incident, a 13-inch television illuminated Morris's bedroom, and light from her laundry room illuminated her living room. After the man left, Morris called 911 and reported the incident to police. She told investigating officers that the suspect was a white male in his 40s, approximately 5′7″ to 5′8″, wearing stone-washed blue jeans, and weighing 160 pounds.

Shortly after responding to the burglary, police conducted a traffic stop near Morris's home. Norton, a 5′7″ tall white male in his 40s weighing 160 pounds, was driving the car, but he was released because he did not match an initial description available at that time. Later, after talking again with Morris and confirming the intruder's description, the police issued a "look out" for the car previously stopped.

Based upon Morris's description of the intruder, a Georgia Bureau of Investigation agent prepared a photographic lineup consisting of six sheets of paper, each sheet containing a black and white photograph of a white male in his 40s. Ten days after Morris encountered the intruder in her home, the agent showed Morris the lineup, and she identified Norton's picture as the intruder. Based on Morris's identification, police arrested Norton and charged him with burglary,[2] assault,[3] and criminal trespass.[4]

Prior to trial, Norton moved to suppress the photographic identification, and after a hearing, the trial court granted the motion, finding that Morris had insufficient opportunity to view the masked intruder and therefore concluded that the identification was "without a substantial factual basis." This appeal is from that order.

The State contends that the trial court erred in suppressing the photographic identification by applying the wrong legal test for determining the admissibility of photographic identifications. We agree.

---

[1] *Vansant v. State,* 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[2] See OCGA § 16-7-1 (a).

[3] See OCGA § 16-5-20 (a) (2).

[4] See OCGA § 16-7-21 (b) (1).

The United States Supreme Court in *Simmons v. United States*[5] announced a two-step test to determine the admissibility of photographic lineup identifications. "The threshold inquiry is whether the identification procedure was impermissibly suggestive." *Gravitt v. State*[6] (citing *Simmons v. United States*). "An identification procedure is impermissibly suggestive when it leads the witness to an all but inevitable identification of the defendant as the perpetrator, or is the equivalent of the authorities telling the witness, 'This is our suspect.'" (Citations omitted.) *Miller v. State.*[7]

The second step is to determine whether, under the totality of the circumstances, the suggestiveness gave rise to a substantial likelihood of misidentification. *Miller*, supra, 270 Ga. at 743 (2). Only if the identification procedure is found impermissibly suggestive need the court consider this step. Id.; *Williams v. State.*[8]

Here, without ruling on whether the lineup procedure was impermissibly suggestive, the trial court applied the totality of the circumstances factors (from the second step of the test), and ruled that Morris's identification "was without any substantial factual basis." Thereafter, the court again applied the totality of the circumstances factors and concluded that the circumstances established a substantial likelihood of misidentification of Norton as the intruder. By conflating the two steps of the test and failing to rule on the first step, i.e., whether the lineup was impermissibly suggestive, the trial court erred.

When an out-of-court identification results from an impermissibly suggestive procedure and is "conducive to a very substantial likelihood of misidentification," the identification results in a due process violation. (Punctuation omitted.) *State v. Glass.*[9] This due process violation stems from a likelihood of a misidentification that is caused by an impermissibly suggestive procedure. See *Simmons v. United States*, supra, 390 U. S. at 384 ("a pretrial identification by photograph will be set aside … *only if* the photographic identification procedure was so impermissibly suggestive as to *give rise to* a very substantial likelihood of irreparable misidentification") (emphasis supplied). Without a substantial likelihood of misidentification resulting from an impermissibly suggestive identification procedure, there is no due process violation.

---

[5] *Simmons v. United States*, 390 U. S. 377, 384 (I) (88 SC 967, 19 LE2d 1247) (1968).

[6] *Gravitt v. State*, 239 Ga. 709, 710 (4) (239 SE2d 149) (1977).

[7] *Miller v. State*, 270 Ga. 741, 743 (2) (512 SE2d 272) (1999).

[8] *Williams v. State*, 272 Ga. 828, 829 (2) (537 SE2d 39) (2000).

[9] *State v. Glass*, 279 Ga. 696 (620 SE2d 371) (2005). The trial court did not rule on the admissibility of an *in-court* identification; we do not address that issue here.

Rather than omitting the first step, the trial court should have first made an express finding as to whether the lineup was impermissibly suggestive before evaluating the likelihood of misidentification. Accordingly, we vacate the trial court's order and remand with instruction to the trial court to make findings in accordance with the proper legal test.

*Judgment vacated and case remanded with instruction. Mikell and Adams, JJ., concur.*

DECIDED JULY 25, 2006.

*Donald N. Wilson, District Attorney, Minerva S. Cansino, Craig E. Miller, Assistant District Attorneys,* for appellant.
*H. Harold Chambers, Jr.,* for appellee.