A07A2182. BEALS v. THE STATE.
(655 SE2d 687)

JOHNSON, Presiding Judge.

A jury found Cedric Beals guilty of two counts of armed robbery, two counts of aggravated assault, two counts of kidnapping with bodily injury, one count of burglary, one count of motor vehicle theft, one count of possession of a firearm by a convicted felon, and one count of possession of a firearm during the commission of a crime. Beals appeals, alleging (1) the armed robbery convictions are void because the indictment did not allege the essential element of intent to commit theft, (2) the trial court erred when it charged the jury that it could find Beals guilty of possession during the commission of "any" crime rather than the crime alleged in the indictment, and (3) the trial court erred in denying Beals' motion to suppress a victim's photographic lineup identification. We find no error and affirm Beals' convictions.

1. Beals contends his armed robbery convictions are void because the indictment failed to allege the essential element of intent to commit a theft. Essentially, this enumeration of error amounts to a motion in arrest of judgment.[1] "A motion to arrest judgment due to a defective indictment should be granted only where the indictment is absolutely void."[2] The indictment in the present case is not absolutely void.

The indictment at issue alleges the offenses of "armed robbery" in that Beals "did then and there unlawfully take the property of another, to wit: one 1984 Chevrolet Caprice, VIN 2G1AN69H3E9269262, from the immediate presence of [the victims] by use of an offensive weapon, to wit: a firearm. . . ." While it is not explicitly stated in the indictment that Beals intended to commit a theft, such intent is necessarily inferred from the allegation of the use of an offensive weapon to accomplish the taking.[3] Considering the allegations of the indictment as a whole, there was no failure to allege all of the elements of the crime of armed robbery. "There can be no reasonable doubt that [Beals] was sufficiently informed of the charges against him and also protected from subsequent prosecution for the same crime."[4] Beals' enumeration of error lacks merit.

Beals cites *Smith v. Hardrick*,[5] for the proposition that the indictment must always allege specific intent where such is an element of the crime. In *Hardrick*, this Court found an indictment on a charge of aggravated assault fatally defective where it alleged only that the defendant placed his hands around the victim's neck and used his hands to apply pressure to her neck contrary to the law. *Hardrick* is distinguishable in that one could not infer the required intent to murder, rape or rob from such allegations.[6] Indeed, such allegations would permit a chiropractor or doctor to be charged with aggravated assault. However, allegations of taking another person's property from the immediate possession of the other person by use of an offensive weapon implicitly include an intent to commit a theft.[7] The indictment at issue was specific, accurate and complete, and Beals' convictions for armed robbery are not void.

2. Beals argues that the trial court erred by charging the jury that it could find Beals guilty of possession of a firearm during the

---

[1] See *Motes v. State*, 262 Ga. App. 728, 729 (586 SE2d 682) (2003).

[2] (Citation omitted.) *Campbell v. State*, 223 Ga. App. 484, 485 (3) (477 SE2d 905) (1996).

[3] See id.

[4] Id. at 486 (3).

[5] 266 Ga. 54 (464 SE2d 198) (1995).

[6] See OCGA § 16-5-21 (a) (1).

[7] See generally *Bowman v. State*, 227 Ga. App. 598, 601 (1) (490 SE2d 163) (1997).

commission of "any" crime rather than the crime alleged in the indictment. We find no error.

The indictment at issue alleges the offense of possession of a firearm during the commission of a crime in that Beals "did then and there unlawfully have on his person a firearm, to wit: a .32 caliber revolver, during the commission of a crime, to wit: armed robbery...." The trial judge, in detailing the counts in the indictment, defined the offense of possession of a firearm during the commission of a crime to the jury:

> A person commits the offense of possession of a firearm during the commission of a crime when the person has on or within arm's reach of his person a firearm during the commission of or any attempt to commit any crime against or involving the person of another, the unlawful entry into a building or vehicle, or a theft from a . . . building.

Beals argues that because of this overinclusive instruction, there is a reasonable probability that the jury convicted him of committing the offense in a manner not alleged in the indictment.

While it is clear from the record that the trial court charged nearly the entire Code section,[8] instructing inapplicable portions of the Code section does not warrant reversal in this case.[9] In the present case, the court instructed the jury that the state had the burden of proving "every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." And the indictment was sent out with the jury during deliberations. In addition, the record does not indicate that the jury was confused or misled by the charge. "Therefore, we will neither impute an adverse construction to the charge nor give so little credence to the ability of the jury to select that portion of the statute obviously applicable to the facts and issues presented for their determination."[10] We do not find a reasonable probability that the jury convicted Beals of the offense of possession of a firearm during the commission of a crime in a manner not charged in the indictment.[11]

3. Beals contends the trial court erred in denying his motion to suppress the photographic lineup identification by one of the victims. We find no error.

Whether a photographic lineup is admissible depends on whether the identification procedure was impermissibly suggestive and whether,

---

[8] OCGA § 16-11-106 (b).

[9] See *Kennedy v. State*, 205 Ga. App. 152, 155-156 (5) (a) (421 SE2d 560) (1992).

[10] (Citation and punctuation omitted.) Id. at 156.

[11] See *Green v. State*, 249 Ga. App. 546, 555 (6) (547 SE2d 569) (2001).

under the totality of the circumstances, the suggestiveness resulted in a substantial likelihood of irreparable misidentification.[12] The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.[13] Pretermitting the question of whether the photographic lineup was impermissibly suggestive in this case, we find it substantially unlikely that any such suggestiveness resulted in irreparable misidentification.

The record shows that the victim was held hostage in his home. Beals forced him out of the bedroom, into the bathroom and then into the living room, where the victim and Beals waited while Beals' accomplice searched for money. Beals' face was fully visible and the lights in the house were on. According to the victim, he saw Beals' face, eyes and mouth at the time of the robbery. Subsequently, he saw a picture of Beals on the television and was "sure" that was the robber, so he contacted the police. Based on the totality of the circumstances, especially the victim's opportunity to view his assailant, the victim's attention to the details of the crime, the victim's level of certainty, the length of time between the crime and the confrontation, the victim's close proximity to his assailant in a lighted room, the assailant's unmasked face, and the victim's unequivocal recognition of the assailant on television, the trial court did not clearly err in denying Beals' motion to suppress the photographic lineup identification of the victim.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED DECEMBER 10, 2007.

*James I. Collins, Jr., Susan E. Teaster*, for appellant.
*Steven Askew, District Attorney, Adriane L. Love, Samuel H. Altman, Assistant District Attorneys*, for appellee.

---

[12] See *State v. Glass*, 279 Ga. 696, 696-697 (620 SE2d 371) (2005).
[13] Id. at 697.