**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**April 25, 2013**

# In the Court of Appeals of Georgia

A13A0097. TOLBERT v. THE STATE.

MCFADDEN, Judge.

A jury convicted Don Thomas Tolbert of various counts of child molestation, aggravated child molestation, enticing a child, and aggravated sodomy, and the trial court denied Tolbert's motion for new trial. On appeal, Tolbert argues that the trial court erred when, at two points during the trial, it held a bench conference outside of Tolbert's presence and then closed the courtroom for a portion of the trial. As detailed below, to the extent Tolbert claims as error the two courtroom closures, we find that he has waived appellate review of those claims by acquiescing to one of the two closures and failing to timely object to the other. We further find that the trial court did not err in holding the bench conferences outside of Tolbert's presence, because

the discussions at those conferences did not implicate his constitutional right to be present at critical stages of the proceedings. Accordingly, we affirm.

1. *Closing the courtroom.*

The trial court closed the courtroom twice during Tolbert's trial. The first instance occurred during the publication of video recordings of the two minor victims' statements to a forensic interviewer and the interviewer's testimony about those statements. The second instance occurred during the live testimony of the two victims, who were ages six and ten when they testified. Both victims testified that Tolbert had committed sexual offenses against them.

OCGA § 17-8-54 provides that

> [i]n the trial of any criminal case, when any person under the age of 16 is testifying concerning any sex offense, the court shall clear the courtroom of all persons except parties to the cause and their immediate families or guardians, attorneys and their secretaries, officers of the court, jurors, newspaper reporters or broadcasters, and court reporters.

This Code section is "based upon a legislative determination that there is a compelling state interest in protecting children while they are testifying concerning a sex offense." (Citation omitted.) *Hunt v. State*, 268 Ga. App. 568, 571 (1) (602 SE2d 312) (2004). The partial closure of the courtroom permitted under this Code

2

section does not violate a defendant's constitutional right to a public trial. See *Clark v. State*, 309 Ga. App. 749, 751 (2) (711 SE2d 339) (2011); *Goldstein v. State*, 283 Ga. App. 1, 3-4 (2) (640 SE2d 599) (2006).

By its terms, OCGA § 17-8-54 authorized the trial court to clear the courtroom while the two minor victims testified. To the extent the trial court improperly required persons excepted from OCGA § 17-8-54 to leave the courtroom as well, Tolbert waived appellate review of their exclusion by not objecting to it at trial. *Delgado v. State*, 287 Ga. App. 273, 279 (2) (2007); *Hunt*, 268 Ga. App. at 571 (1).

In contrast, OCGA § 17-8-54 did not authorize the trial court to clear the courtroom while recordings of interviews with the victims were published to the jury, or during the testimony of the forensic interviewer. But the record shows that Tolbert's counsel had a role in eliciting the trial court's decision to clear the courtroom at that point in the trial. Immediately before closing the courtroom, the trial court held a bench conference with Tolbert's counsel and the prosecutor at which the following exchange occurred:

> [Prosecutor]: [The forensic interviewer] is the next witness, and we're going to play the videos. And I wanted to clear the courtroom for the playing of the videos. *And I've already discussed it with [Tolbert's counsel], and he agrees.* I just didn't know if you wanted to do it before

3

[the witness] took the stand or if you want to wait until we begin the videos. I'll do it –

The Court: Which way do you want to do it?

[Prosecutor]: I think I'd rather just go ahead and do it so there won't be a disruption.

[Tolbert's Counsel]: *I'd like to get them out of here first.*

(Emphasis supplied.) "A party may not complain on appeal of a ruling that he contributed to or acquiesced in by his own action, trial strategy, or conduct." (Citation omitted.) *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997).

2. *Exclusion from bench conferences.*

The record shows that Tolbert was not present at the bench during the bench conferences that immediately preceded the two courtroom closures. He argues that his absence from these two bench conferences violated his constitutional right to be present at all critical stages of his trial. We disagree.

"[T]he Georgia Constitution guarantees criminal defendants the right to be present, and see and hear, all the proceedings which are had against him on the trial

4

before the Court." (Citations and punctuation omitted.) *Zamora v. State*, 291 Ga. 512, 517-518 (7) (b) (731 SE2d 658) (2012).

> This right exists where there is a reasonably substantial relation to the fullness of opportunity to defend against the charge and to the extent that a fair and just hearing would be thwarted by the defendant's absence. [Our Supreme Court has] previously held that the constitutional right to be present is not violated when the defendant's absence occurs during conferences addressing legal matters to which the defendant cannot make a meaningful contribution.

(Citations and punctuation omitted.) *Campbell v. State*, __ Ga. __, __ (4) (__ SE2d __) (Case No. S12A1804, decided March 18, 2013). See also *Parks v. State*, 275 Ga. 320, 322-323 (3) (565 SE2d 447) (2002).

Neither of the bench conferences at issue in this case implicated Tolbert's constitutional right to be present. Rather, the discussions at the conferences addressed either legal issues or courtroom logistics, neither to which Tolbert could have made a meaningful contribution. At the first bench conference, set forth above, counsel merely informed the trial court of their agreement to close the courtroom for the playing of the victims' recorded statements and the forensic interviewer's testimony regarding those statements, and they discussed with the court the logistics of implementing that agreement. Much of the second bench conference also concerned

logistical issues, namely whether one of the minor victims could sit on an adult's lap while testifying (the trial court ruled she could not) and the timing of the minor victims' testimony with a lunch break. Tolbert has not offered any argument for how his presence during these discussions could have made a meaningful contribution to them. Specifically regarding his counsel's agreement to the courtroom closure, Tolbert has not suggested that his counsel was acting outside the bounds of his authority or that he would have countermanded his counsel had he been present when counsel expressed that agreement to the trial court. And he was present when the trial court closed the courtroom immediately after this conference, providing him with "some knowledge of the topic of [the] conference." *Parks*, 275 Ga. at 325 (3). Given that Tolbert could not have made a meaningful contribution to the discussions about counsel's agreement to close the courtroom and other matters of courtroom logistics, his right to be present was not violated by his absence from those discussions. See *Barrett v. State*, 275 Ga. 669, 671 (4) (571 SE2d 803) (2002) (although defendant was absent from a bench conference at which his counsel agreed to allow the jury to leave for the evening and return to deliberations the following morning, the defendant's right to be present was not violated because he could not have made a meaningful

6

contribution to the bench conference and he was present when the trial court instructed the jury following the conference).

The second bench conference also addressed the closure of the courtroom during the victims' testimony. The only discussion on this issue was the prosecutor's statement: "The next two witnesses are the little girls. I'm going to ask that the courtroom be cleared for that." (Counsel and the trial court then proceeded to discuss the other matters detailed above.) The propriety of closing the courtroom for the minor victims' testimony was a legal matter, in that it was authorized by OCGA § 17-8-54. "Since there was not a reasonably substantial relationship between [Tolbert's] presence during the discussion of [this] legal matter[ ] and his opportunity to defend against the charges, we conclude that his right to be present during critical stages of his trial was not violated." (Citations omitted.) *Campbell*, __ Ga. at __ (4). Accord *Parks*, 275 Ga. at 325 (3) (defendant's right to be present was not violated by his absence from bench conferences discussing legal matters where no witnesses discussed their testimony).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*